# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

No. 10-12496

---

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 29 2011

JOHN LEY
CLERK
```

LAURA FAUGHT,
STEVEN FAUGHT,
on behalf of themselves and all others similarly situated,

                    Plaintiff-Appellees,

versus

AMERICAN HOME SHIELD CORPORATION

                    Defendant-Appellee,

ROBERT SHERPARD, et al.,

                    Interested-Parties-Appellants

No. 10-12533

LAURA FAUGHT,
STEVEN FAUGHT,
on behalf of themselves and all others similarly situated,

Plaintiffs-Appellees,

MIRIAM CHAPON,
JOHN CHAPON,

Plaintiffs-Appellants,

versus

AMERICAN HOME SHIELD CORPORATION,

Defendant-Appellee,

No. 10-12534

LAURA FAUAGHT,
STEVEN FAUGHT,
on behalf of themselves and all others similarly situated,

                                                  Plaintiffs-Appellees,

THOMAS ARRINGTON,

                                                  Plaintiff-Appellant,

versus

AMERICAN HOME SHIELD CORPORATION

                                                  Defendant-Appellee.

No. 10-12536

LAURA FAUGHT,
STEVEN FAUGHT,
on behalf of themselves and all others similarly situated,

                                            Plaintiffs-Appellees,

JOHN HOWE, et al.,

                                             Plaintiffs-Appellants,

versus

AMERICAN HOMESHIELD CORPORATION,

                                             Defendant-Appellee.

ORDER:

   Motion to Continue oral argument set for Wednesday, August 3, 2011, is hereby GRANTED in part and in all other respects DENIED.

   Objectors/Appellants in Appeal No. 10-12533 have identified two issues they planned to present at oral argument next week and claim that these issues are "unique to their appeal." The first is whether the district court erred in refusing to award attorney's fees to those objectors and the second is whether the California consumer protection statute prohibiting the prospective waiver of rights under that statute functions to prevent the settlement of claims under that statute.

   Because the court agrees with the objectors that the first issue is unique to their appeal, that issue is severed from this case and oral argument on that issue only will be rescheduled at a later time to be announced by the court. This issue is limited to the matters decided by the district court in its order dated May 26, 2010, Doc. # 121.

   Because the second issue is not unique to the objectors' appeal and, we would not have granted oral argument had it been raised separately, the panel will take that issue under submission on the briefs and will decide it along with the other challenges to the settlement raised by the objectors in the consolidated appeal.

   With the exception of the one issue relating to the district court's order entered on May 26, 2010, Doc. # 121, raised in Appeal No. 10-12533, oral argument in all other appeals will PROCEED as scheduled.

   Done this the 29th day of July, 2011.

                                                     _____
                                                     Chief Judge